UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-61239-CIV-MARTINEZ

MARIO SERGIO BOLANO-OCHOA,

      Petitioner,

v.

MIAMI ICE FIELD OFFICE DIRECTOR, in her
official capacity as Field Office Director of U.S.
Immigration and Customs Enforcement Miami
Field Office; JUAN AGUDELO, in his official
capacity as Acting Assistant Field Office Director
of U.S. Immigration and Customs Enforcement
Miami Field Office and Officer-in-Charge,
Broward Transitional Center, Pompano Beach,
Florida,

      Respondents.
_____/

## ORDER

**THIS CAUSE** is before the Court on Petitioner Mario Sergio Bolano-Ochoa's Petition for

Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"), [ECF No. 1]. In accordance with

28 U.S.C. § 2243, the Court issued an Order directing Respondents to show cause why the Petition

should not be granted. (*See* [ECF No. 4]). Respondents filed their Response on May 1, 2026

("Response") [ECF No. 6], and Petitioner replied on May 8, 2026 ("Reply") [ECF No. 7]. The

Court has considered the briefing, supplemental filings [ECF No. 9; ECF No. 10], record, and

relevant law and is fully advised.

## I.    BACKGROUND

Petitioner is a Cuban asylum seeker who entered the United States without inspection on

February 28, 2022, near Eagle Pass, Texas. (Pet. ¶ 1). That same day, Petitioner was detained and

placed into removal proceedings. (*Id.* ¶ 2). He was released on his own recognizance shortly thereafter. (*Id.*). Since then, Petitioner has continuously resided in the United States pending the resolution of his immigration court proceedings. (*Id.* ¶ 3). Petitioner has appeared for all his immigration court hearings and has filed an application for asylum with the immigration court. (*Id.* ¶ 24).

Petitioner attended an immigration court hearing on December 18, 2025, during which the government dismissed Petitioner's pending removal proceedings. (*Id.* ¶ 25; Order on Motion to Dismiss [ECF No. 1-2]). After leaving the courtroom, Petitioner encountered Immigration and Customs Enforcement ("ICE") agents who arrested him and notified him that he was subject to expedited removal from the United States. (Pet. ¶ 26). On March 13, 2026, Petitioner was denied bond after the Immigration Judge determined that he was subject to mandatory detention because of his manner of entry in 2022 and because the government placed him in expedited removal proceedings pending an interview by the asylum office. (*Id.* ¶ 27; Bond Denial Order [ECF No. 6-6]). On April 30, 2026, Petitioner was served a new Notice and Order of Expedited Removal Order. (*See* Notice and Order of Expedited Removal [ECF No. 6-8]).

Petitioner now petitions this Court for a writ of habeas corpus, arguing that the government unlawfully designated him for expedited removal, and his detention violates the Immigration and nationality Act ("INA"), due process, the Administrative Procedures Act ("APA"), and federal regulations. (*See generally* Pet.). Petitioner also seeks an award of costs and fees under the Equal Access to Justice Act. (*See id.* 17).

Respondents submit Petitioner is not entitled to relief for three reasons. First, they argue the Court lacks jurisdiction under 8 U.S.C. §§ 1252(a)(2)(A)(i) and (g). (*See* Resp. 3–7). Second, Respondents assert that Petitioner is properly detained under section 1225(b)(1) because, based on

the initial 2022 encounter, Petitioner was physically present in the United States without having been admitted or paroled, encountered within 100 miles of the United States border, and cannot establish that he was physically present in the United States for fourteen continuous days immediately prior to the initial encounter in 2022. (*See id.* 7–10). Finally, Respondents argue that Petitioner's due process rights were not violated. (*See id.* 11).

## II.   DISCUSSION

### A. Subject Matter Jurisdiction

The Court begins with the threshold issue of jurisdiction. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Nowhere is this principle more rigorously applied than in immigration cases, where Congress has plenary authority to define the limits and scope of judicial review. *See Fiallo v. Bell*, 430 U.S. 787, 792 (1977) (citations omitted). It is the Court's responsibility to "zealously insure that jurisdiction exists over a case[.]" *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

Respondents argue that the Court lacks subject matter jurisdiction due to the significant limitations Congress has placed on the power of federal courts to review expedited removal orders. (*See* Resp. 5–7 (citing *United States v. Herrera-Orozco*, No. C-11-542, 2011 WL 3739160, at *1 (S.D. Tex. Aug. 23, 2011) (citing *Brumme v. INS*, 275 F.3d 443, 447 (5th Cir. 2001)))). Respondents assert that "[t]hrough his habeas petition, Petitioner challenges his detention, which arose precisely from the expedited removal process." (Resp. 5). "Based on the plain language of Congress's amendments to the Immigration and Nationality Act (INA) in 1996, federal courts lack subject matter jurisdiction to hear any claims 'arising from' or 'relating to' the expedited removal

3

process established by Congress under 8 U.S.C. § 1225(b)(1)." (*Id.*). Respondents contend that "[b]ecause Petitioner's detention was a necessary part of the expedited removal process, it 'arises from' and is 'related to' that process, such that Congress's plain language in 8 U.S.C. § 1252(a)(2)(A)(i) precludes federal court review of Petitioner's habeas claim." (*Id.*). The Court agrees.

### 1. The INA limits judicial review of expedited removal orders.

Petitioner, as agreed by all parties, is the subject of an expedited removal order under 8 U.S.C. § 1225(b)(1). (*See* Pet ¶ 76; Resp. 7; Notice and Order of Expedited Removal [ECF No. 6-5] 1). Judicial review of such an order is governed by 8 U.S.C. § 1252. *See Diaz Del Cid v. Barr*, 394 F. Supp. 3d 1342, 1345 (S.D. Fla. 2019) (citing *Castro v. U.S. Dep't of Homeland Sec.*, 835 F.3d 422, 426 (3d Cir. 2016) ("This statute narrowly circumscribes judicial review for expedited removal orders issued pursuant to § 1225(b)(1).")).

Section 1252 provides that, "[n]otwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision . . . no court shall have jurisdiction to review . . . any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1) of this title[.]" 8 U.S.C. § 1252(a)(2)(A)(i). The statute does allow for judicial review in habeas corpus proceedings of determinations made under § 1225(b)(1), including the decision to issue an order of expedited removal, but states that judicial review "shall be limited to determinations of — (A) whether the petitioner is an alien, (B) whether the petitioner was ordered removed under [§ 1225(b)(1)], and (C) whether the petitioner can prove . . . that the petitioner is [a lawful permanent resident], has been admitted as a refugee . . . or has been granted asylum[.]" *Id.* § 1252(e)(2).

Petitioner seeks judicial review of determinations made under § 1225(b)(1). He claims he is not eligible for expedited removal because he has been continuously present in the United States for more than two years and he was paroled into the United States as a matter of law, and therefore § 1225 does not apply to him. (*See* Pet. ¶ 74).

The parties agree that Petitioner's challenges to the applicability of the expedited removal provisions to him do not fall within any of the three bases for review set forth in § 1252(e)(2). (Pet. ¶ 47; Resp. 6–7). Petitioner does not challenge the determination of whether he is an alien, whether he was ordered removed, or whether he can prove he is an alien who was lawfully admitted for permanent residence, has been admitted as a refugee, or has been granted asylum. (*See generally* Pet.).

Therefore, review of Petitioner's habeas petition is foreclosed by the plain language of the jurisdiction-stripping provisions of §§ 1252(a) and (e)(2), and the Court does not have jurisdiction to review any of the bases upon which Petitioner seeks this Court's review. *See Torrez v. Swacina*, No. 20-20650-CIV-ALTONAGA, 2020 WL 13551822, at *3–4 (S.D. Fla. Apr. 17, 2020) (finding the court lacked jurisdiction to review petitioner's habeas challenge to expedited removal proceedings based on challenge to determination of whether he had previously been removed); *Garcia v. Warden, Stewart Det. Ctr.*, 774 F. App'x 522, 524 (11th Cir. 2019) (noting 8 U.S.C. § 1252(e)(2) did not authorize the court to hear the petitioner's argument that he qualified for cancellation of removal, a form of immigration relief set forth in the petitioner's habeas petition); *Pineda v. Customs & Border Prot.*, 544 F. App'x 925, 926 (11th Cir. 2013) (finding "it was undisputed that officials removed [the petitioner] on an expedited basis after a CBP officer determined she was an intending immigrant without an immigrant visa . . . [and [t]he INA bars judicial review of any claim arising from or relating to the implementation or operation of an

5

expedited removal order[.]" (citation omitted)); *Vazquez-Ramirez v. U.S. Att'y Gen.*, 707 F. App'x 626, 629 (11th Cir. 2017) (citing 8 U.S.C. §§ 1252(e)(2) and (3) and noting "[j]udicial review of an order [of expedited removal] is limited to narrow circumstances"); *Lucas v. U.S. Att'y Gen.*, 652 F. App'x 854, 858 (11th Cir. 2016) ("[E]xpedited removal orders issued pursuant to 8 U.S.C. § 1225(b)(1) are not subject to judicial review except in very limited circumstances not applicable here." (citations removed)).

### 2.  The Suspension Clause does not provide a basis for jurisdiction in this case.

Petitioner argues that the narrow scope of habeas review provided by § 1252(e)(2) is unconstitutional because it violates the Suspension Clause of the United States Constitution. The Suspension Clause states that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. 1, § 9, cl. 2.

To determine whether a jurisdiction-stripping statute violates the Suspension Clause, courts apply the two-step analysis from *Boumediene v. Bush*, 553 U.S. 723 (2008). Courts first determine "whether a given habeas petitioner is prohibited from invoking the Suspension Clause due to some attribute of the petitioner or to the circumstances surrounding his arrest or detention." *Castro*, 835 F.3d at 445 (citing *Boumediene*, 553 U.S. at 739). Then, if the petitioner is not prohibited from invoking the clause, courts "turn to the question [of] whether the substitute for habeas is adequate and effective to test the legality of the petitioner's detention (or removal)." *Id.* at 445 (citing *Boumediene*, 553 U.S. at 739). For the reasons explained below, Petitioner does not get past the first step under the circumstances presented here. *See Diaz Del Cid*, 394 F. Supp. 3d at 1347; *see also Chaviano v. Bondi*, No. 25-22451-CIV, 2025 WL 1744349 (S.D.

6

Fla. June 23, 2025) (finding that the petitioner's claim that the respondents' determination that he qualifies for expedited removal does not implicate or violate the Suspension Clause).

First, as to Petitioner's challenges to whether he qualifies for expedited removal, the Court finds that these challenges are foreclosed by *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020), in which the Supreme Court rejected a claim that § 1252(e) violates the Suspension Clause based on a challenge to a denial of asylum. In *Thuraissigiam*, the petitioner, who was in expedited removal proceedings, sought habeas review of an Immigration Judge's determination that he was not entitled to asylum on credible fear grounds. *Id.* at 114–15. After the district court determined that it lacked jurisdiction to consider the habeas petition based on § 1252(e), the petitioner challenged the constitutionality of the statute on grounds it violates the Suspension Clause. *Id.* The Supreme Court held that the petitioner's Suspension Clause argument failed "because it would extend the writ of habeas corpus far beyond its scope 'when the Constitution was drafted and ratified.'" *Id.* at 107 (quoting *Boumediene*, 553 U.S. at 746). The Court explained that the Suspension Clause protects the writ of habeas corpus as it existed in 1789, when the Constitution was adopted, and that at that time, the writ "simply provided a means of contesting the lawfulness of restraint and securing release." *Id.* at 117. Petitioner did not show that the statute violated the Suspension Clause as applied to him where he complained only of the suspension of his right to habeas review of the immigration court's determination of whether he qualified for asylum. *See generally id.* Likewise, to the extent that Petitioner here complains of the Respondents' determination that he qualifies for expedited removal, under *Thuraissigiam*, the suspension of his right to seek habeas review of that determination does not implicate or violate the Suspension Clause.

Accordingly, Petitioner has not shown that § 1252(e), as applied to him, violates the Suspension Clause, and the Court lacks subject matter jurisdiction over the Petition.

### B. Due Process

Petitioner also asserts that his detention violates his due process rights. The Court agrees that Petitioner has due process rights. Petitioner, however, does not deny that he is in the United States illegally. (*See* Pet. ¶¶ 1, 20). Petitioner has not provided any authority to demonstrate that his detention for the last six months, pursuant to § 1225(b)(1), violates due process. To the contrary, there is ample authority for the proposition that detention, even for far longer period, pending immigration proceedings does not violate due process rights. *See e.g., O.D. v. Warden, Stewart Detention Ctr.*, No. 4:20-cv-222-CDL-MSH, 2021 WL 5413968, at *4–5 (M.D. Ga. Jan. 14, 2021), *report and recommendation adopted* 2021 WL 5413966 (M.D. Ga. Apr. 1, 2021) (denying habeas relief to petitioner who had been detained for nineteen months); *Sigal v. Searls*, No. 1:18-cv-00389, 2018 WL 5831326, at *5, 9 (W.D.N.Y. Nov. 7, 2018) (denying habeas relief to petitioner detained for seventeen months); *Hylton v. Shanahan*, No. 15-cv-1243-LTS, 2015 WL 3604328, at *6 (S.D.N.Y. June 9, 2015) (detention without bail for roughly two years did not violate due process).

As noted by Respondents, Petitioner has not submitted evidence that Respondents detained him for any other purpose other than resolution of his expedited removal proceedings. (*See* Resp. 11; *see generally* Pet.).

Taking into consideration all the circumstances presented here, the Court finds that Petitioner has not shown a basis for finding that his due process rights have been violated as the result of his detention.

8

CASE NO. 26-61239-CIV-MARTINEZ

### III.   CONCLUSION

Accordingly, it is

**ORDERED AND ADJUDGED** that

1.  Count I of Petitioner Mario Sergio Bolano-Ochoa's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [ECF No. 1], is **DISMISSED without prejudice**.

2.  Count II of the Petition is **DENIED without prejudice**.

3.  Petitioner's request for an award of costs and fees under the Equal Access to Justice Act is **DENIED without prejudice**.

4.  The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 12 day of June 2026.

_____

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc:   all counsel of record

9